UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AIDEN JOHNSON et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHANNON ALLEN et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-10907-DJC <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                  **November 8, 2022**

**I.      Introduction**

Plaintiffs Nicole Johnson, Nicholas Small, Brendan Small and Aiden Johnson (together, "Plaintiffs") have filed this lawsuit against Defendants Shannon Allen, ("Allen") the Massachusetts Department of Children & Families ("DCF"), the Boston Juvenile Court, READS Collaborative, Theresa Craig ("Craig"), Attorney Alex Poulin, the Commonwealth of Massachusetts, Governor Charlie Baker, the Honorable Helen Brown Bryant ("Judge Bryant"), and the Honorable Sylvia Gomes ("Judge Gomes") alleging defamation, libel, emotional distress and violation of their civil rights under the Fourth and Fourteenth Amendments of U.S. Constitution.  D. 1.  Defendants READS Collaborative, Allen and Craig have moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  D. 6.  Plaintiffs have moved for a temporary restraining order.  D. 13.  The "Commonwealth Defendants" (DCF, the Boston Juvenile Court, Attorney Alex Poulin, the Commonwealth of Massachusetts, Governor Charlie Baker,

1

Judge Bryant and Judge Gomes), also have moved to dismiss on several grounds. D. 18. For the reasons stated below, the Court ALLOWS the motion to dismiss of Defendants READS Collaborative, Allen and Craig, D. 6, DENIES Plaintiffs' motion for injunctive relief, D. 13, and ALLOWS the Commonwealth Defendants' motion to dismiss, D. 18. To the extent that Plaintiffs framed their opposition to the motion to dismiss of Defendants READS Collaborative, Allen and Craig, D. 14, as an affirmative motion, the Court DENIES that motion for the reasons stated herein.

## II.     Standard of Review

### A.     Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id. Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).

### B.     Temporary Restraining Order

Any form of preliminary injunctive relief, including a temporary restraining order, "is an 'extraordinary and drastic remedy.'" Voice of the Arab World, Inc. v. MDTV Med. News Now,

Inc., 645 F.3d 26, 32 (1st Cir. 2011) (quoting Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). Its purpose is "to preserve the status quo so that upon full adjudication on the merits the district court can more effectively remedy any discerned wrongs." Chiara v. Dizoglio, 59 F. Supp. 2d 193, 196 (D. Mass. 1999) (citation omitted) (noting that "a preliminary injunction that has the effect of disturbing, rather than preserving, the status quo normally should be granted only in those circumstances when the exigencies of the situation demand such relief") (citation and internal quotation marks omitted). To obtain such injunctive relief, the Court must consider: (1) the movant's likelihood of success on the merits; (2) the risk of the movant suffering irreparable harm in the absence of injunctive relief; (3) the balance of equities; and (4) whether granting the injunction is in the public interest. Corp. Techs., Inc. v. Harnett, 731 F.3d 6, 9 (1st Cir. 2013). Likelihood of success on the merits is the "main bearing wall of this framework." W Holding Co. v. AIG Ins. Co.-Puerto Rico, 748 F.3d 377, 383 (1st Cir. 2014) (quoting Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996)) (internal quotation marks omitted). The movant "bears the burden of establishing that these four factors weigh in [its] favor." Esso Standard Oil Co. (P.R.) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

**III.    Factual Background**

Plaintiffs do not provide a factual basis for the allegations in their complaint, D. 1. The Court instead summarizes the factual context provided in Plaintiffs' motion for a temporary restraining order, D. 13, the affidavit submitted in support of Defendants' opposition to Plaintiffs' motion for a temporary restraining order, D. 15-1, accompanying exhibits, and Plaintiffs' opposition to the motion to dismiss, D. 14. Plaintiff Nicholas Small ("Nicholas") is the son of Plaintiff Nicole Johnson ("Johnson"). Id. at 2, 3. As part of Nicholas' Individualized Education Program ("IEP"), he participates in the READS Collaborative. D. 15-1 ¶ 4. Plaintiffs allege that

Defendant Allen, Program Director of the Deaf and Hard of Hearing Program for READS Collaborative, D. 15-1 ¶ 2, filed a "frivolous" report of abuse or neglect under Mass. Gen. L. c. 119, § 51A, ("51A report"), on June 2, 2022, against Johnson. D. 1 at 6–7; D. 14 at 2. As alleged by Plaintiffs, this 51A report caused Johnson to lose custody of her children, including Nicholas, and it also has harmed her chances at obtaining future employment. D. 1 at 6–7; D. 14 at 2.

Prior to filing the 51A, Allen allegedly had "repeated conversations" with Annette Hadden, a DCF employee, from March 2022 to June 2022 to secure a foster parent from within Nicholas' school. D. 14 at 2. After Allen filed the 51A report, she allegedly drove Nicholas to a DCF office without Johnson's knowledge, instead of putting him on his afternoon bus. Id. at 3. Johnson made several calls and sent several emails to Craig, also of READS Collaborative, and Allen when Nicholas did not get off his afternoon bus. Id. Craig and Allen did not answer Johnson's emails or calls. Id.

After Johnson lost custody of her children, Johnson requested a hearing within 72 hours to challenge Allen's false allegations. Id. at 4. At the hearing, which was conducted over a period of eleven days, Johnson questioned seven witnesses. Id. Judge Hardiman issued a decision on August 22, 2022. Id. Johnson appealed Judge Hardiman's decision, which is currently under review. Id.

### IV.   Procedural History

Plaintiffs instituted this action on June 10, 2022. D. 1. Defendants READS Collaborative, Shannon Allen and Theresa Craig moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). D. 6. Plaintiffs then moved for injunctive relief. D. 13. The Commonwealth Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6). D. 18.

V.   Discussion

   A.   **Motion to Dismiss under 12(b)(6)**

Addressing the motion to dismiss filed by Defendants READS Collaborative, Allen and Craig first, they have moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). D. 6. "The Court acknowledges Plaintiffs['] pro se status and thus reads [their] complaint liberally." Ermit v. Universal Music Group, Inc., No. 13-181-ML, 2013 WL 3730423, at *1 (D. R. I. July 12, 2013) (citing Rodi v. Southern New England School of Law, 389 F.3d 5, 13 (1st Cir. 2004)). "Pro se litigants, however, are not excused from compliance with procedural rules or substantive law." Ermit, 2013 WL 3730423, at *1 (citing Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997)). Under Federal Rule of Civil Procedure 8 a claim for relief "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Aschcroft v. Iqbal, 556 U.S. 662, 687 (2009) (stating that "Rule 8 does not empower [Plaintiffs] to plead the bare elements of [their] cause of action, affix the label 'general allegation,' and expect [their] complaint to survive a motion to dismiss").

Even recognizing Plaintiffs' *pro se* status and reading the allegations in the complaint in the light most favorable to them, the complaint fails to comply with the requirements of Rule 8. Fed. R. Civ. P. 8(a)(2). The sum total of her allegations in the complaint are as follows:

> the Defendants have slander[ed] and defamed [Johnson] violated the plaintiffs' right to due process, caused plaintiffs' irreparable harm, emotional distress and Plaintiffs' seek punitive damages.

> All the defendants have made as they claim statements of facts which is not true or supported by any witness, video, or documents which has caused the plaintiffs irreparable harm, trauma. All defendants have violated the Plaintiffs' constitutional right to due process. The first claim Plaintiff Nicole Johnson makes is defamation/libel. Plaintiff Nicole Johnson seeks 2 million dollars in damages for the claim of defamation/slander & punitive damages. The defamation has caused children the right to care for her children and has created a damaging paper trail that has harmed her for future employment. The plaintiff's # 2, 3, 4 seek 5 million

> dollars in damage for the defendants irreparable harm caused by violations of the 4th and 14th amendment rights physiological damage, emotional damages for repeated and unjustified removal from their home and their families. All plaintiffs seek punitive damages in the amount of 10 million dollars on the state allowed maximum amount.

D. 1 at 6–7. Even as Plaintiffs assert claims for defamation/libel and violations of their civil rights under the Fourth and Fourteenth Amendments of the Constitution against Defendants in the complaint, they do not assert any factual basis for these claims in the complaint. See D. 1.

Given Plaintiffs' *pro se* status, the Court considers the further factual allegations in their opposition[1] to Defendants' motion to dismiss. See Musterd v. R.I. Dep't of Health, No. 17-124JJM, 2018 WL 1684345, at *1 n.4 (D.R.I. Mar. 19, 2018) (stating that "[i]n recognition of the leniency required for a *pro se* pleading," the court considered "all of [p]laintiff's plausible facts" in both of his complaints and his opposition to the motion to dismiss) (citing Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).

Even assuming Plaintiffs' allegations in their opposition are also true, D. 14, they still fail to meet the elements of defamation as to Allen, Craig or READS Collaborative. In relevant part in their opposition, the Plaintiffs allege that "[o]n June 2, 2022 Shannon Allen Director of READS Collaborative filed a frivolous 51A against Plaintiff Nicholas Small by Plaintiff Nicole Johnson. It was later reported by DCF Dictation notes and Shannon Allen's testimony Shannon Allen had repeated conversations with DCF worker Annette Hadden from March of 2022 until June of 2022 to secure a foster parent within Nicholas' school without knowledge and consent of mother Plaintiff Nicole Johnson, violating plaintiffs HIPPA law rights." D. 14 at 2.

---

[1] Plaintiffs have filed a "motion to reconsider not dismissing Defendants Allen, Craig and READS Collaborative," D. 14, which the Court takes and considers as its opposition to the motion to dismiss filed by these Defendants.

To assert a defamation claim, a plaintiff must plausibly allege that the "defendant was at fault for the publication of a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss." White v. Blue Cross & Blue Shield of Mass., 442 Mass. 64, 66 (2004) (citing Ravnikar v. Bogojavlensky, 438 Mass. 627, 629–30 (2003)).  "The publication element of defamation requires that the defendant communicate the defamatory statement to a third party." White, 442 Mass. at 66 (citing Ravnikar, 438 Mass. at 629).

First, "[t]o properly allege defamation, . . . plaintiff[s] must specifically identify the allegedly false statement."  See Kelleher v. Lowell Gen. Hosp., 98 Mass. App. Ct. 49, 53 n.2 (2020) (citation omitted) (stating that "allegation[s] that the defendant made statements that 'cast the plaintiff in a negative light,' but that does not identify a specific statement, is not sufficient"). "'[I]n a defamation action, a threshold issue is whether the statement is reasonably susceptible of a defamatory meaning, and that determination is a question of law for the court.'" Lemelson v. Bloomberg LP, 253 F. Supp. 3d 333, 339 (D. Mass. 2017) (quoting Foley v. Lowell Sun Pub. Co., 404 Mass. 9, 11 (1989)); see Damon v. Moore, 520 F.3d 98, 103 (1st Cir. 2008) (stating that at the motion to dismiss stage "[t]he court is not called upon to determine the ultimate issue of whether the statement is defamatory, but to answer the threshold question of whether the communication is reasonably susceptible of a defamatory meaning") (citation and internal quotation marks omitted).  "[T]his interpretation 'requires that the [C]ourt examine the statement in its totality in the context in which it was uttered or published.  The [C]ourt must consider all the words used, not merely a particular phrase or sentence.'" Lemelson, 253 F. Supp. 3d at 339 (quoting Foley, 404 Mass. at 11).

7

Even considering the further allegations in their opposition to the motion to dismiss, Plaintiffs have not specifically identified the allegedly defamatory statement.  see Kelleher, 98 Mass. App. Ct. at 53 n.2 (stating that "allegation[s] that the defendant made statements that 'cast the plaintiff in a negative light,' but that does not identify a specific statement, is not sufficient"). At most, Plaintiffs allege that one of the Defendants, Allen, made statements presumably to DCF that caused DCF to seek custody of Johnson's children.  D. 1 at 6–7; D. 14 at 2.  The statements made by Allen are not specified and therefore, whether same is reasonably susceptible of a defamatory meaning has not been plausibly alleged.  See, e.g., McKee v. Cosby, 236 F. Supp. 3d 427, 438 (D. Mass. 2017) (stating that "[b]ecause defamation requires a false statement at its core, opinions typically do not give rise to liability") (citations and internal quotation marks omitted). Since Plaintiffs fail to provide the alleged defamatory statement, the Court cannot make this threshold determination.  Lemelson, 253 F. Supp. 3d at 339.  Plaintiffs, therefore, fail to allege this element of their defamation claim.

In addition to having failed to specify the allegedly defamatory statement, Plaintiffs have failed to allege how Defendants were "at fault" for publication of same.  See D. 1, D. 14.  Plaintiffs must allege that Defendants were  at least negligent as to the falsity of their statement as to Johnson, a private person.  See Lemelson 253 F. Supp. 3d at 339.  "As a matter of constitutional bedrock, a plaintiff must show fault in order to impose liability upon a defendant for defamation."  Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012) (citing Gertz v. Robert Welch, Inc., 418 U.S. 323, 346–47 (1974)).  Accordingly, for statements about private persons, "Massachusetts has established such a framework," where "[i]f a statement is true, . . . plaintiff[s] must prove that the defendant acted with 'actual malice' to recover."  Id. (quoting Mass. Gen. L. c. 231, § 92).  "If, however, a statement is false, the plaintiff still must show that defendant acted negligently."  Id. (citing Stone

v. Essex Cnty. Newspapers, Inc., 367 Mass. 849, 858 (1975)). "Either way, *some* showing of fault is essential." Id. (emphasis in original). Here, as to Defendants Allen, Craig or READS Collaborative, whether the alleged statement is actionable is not plausibly alleged and there are no allegations that Defendants were at fault for publishing the statements to DCF, even assuming the allegations were about the abuse and neglect of Plaintiff Johnson's children. See D. 1, D. 14. For at least these reasons, Plaintiffs' defamation claim fails.

Even assuming *arguendo*, that Plaintiffs could have plausibly alleged publication of false statements to a third party, DCF, and the statements alone were capable of damaging Johnson's reputation and causing economic harm, Plaintiffs have not shown the other requisite elements of the defamation claim as discussed above. See Ayyadurai v. Floor64, Inc., 270 F. Supp. 3d 343, 355 (D. Mass. 2017) (stating that "[t]o establish a defamation claim, a plaintiff must satisfy four elements").

Moreover, even considering the complaint and the opposition to the motion to dismiss, Plaintiffs do not provide any factual basis for the alleged violation of their Fourth and Fourteenth Amendment rights. Even assuming the READS Collaborative, Allen and Craig are state actors or equivalent for the purposes of asserting constitutional claims under 42 U.S.C. § 1983, see Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011) (stating that "Section 1983's 'under color of state law' requirement is the functional equivalent of the Fourteenth Amendment's 'state action' requirement," and therefore, "if [Defendants'] conduct cannot be classified as state action, the claim against them must fail"), Plaintiffs have not plausibly alleged conduct by these Defendants that would amount to a violation of their Fourth and Fourteenth Amendment rights.

Accordingly, the complaint does not plausibly state any claims and it is not sufficient to put Defendants on notice of the claims against them. Ocasio-Hernandez v. Fortuño-Burset, 640

F.3d 1, 8 (1st Cir. 2011) (stating that Rule 8 requires plaintiffs to provide "sufficient detail in the complaint to give a defendant fair notice of the claim and the grounds upon which it rests") (citations omitted). Plaintiffs, therefore, fail to state a claim upon which relief can be granted as against Defendants READS Collaborative, Allen and Craig.

### B. Temporary Restraining Order

Plaintiff Johnson also seeks a temporary restraining order against Defendant Allen, "prohibiting her involvement" in her son Nicholas' IEP placement and prohibiting "any other contact with [him]." D. 13 at 1–2.

"A motion for a temporary restraining order is evaluated by the same factors as a motion for preliminary injunction. Snell v. Descoteaux et al., No. 20-12093-NMG, 2022 WL 3327490, at *1 (D. Mass. Aug. 11, 2022) (citing Voice of the Arab World, Inc., 645 F.3d at 32). Johnson's "likelihood of success on the merits is the factor that weighs most heavily in in the preliminary injunction analysis." Russomano v. Novo Nordisk Inc., 960 F.3d 48, 53 (1st Cir. 2020) (citation and quotation marks omitted). "'[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'" Id. (quoting Maine Educ. Ass'n Benefits Tr. V. Cioppa, 695 F.3d 145, 152 (1st Cir. 2012)).

Although the Court "must accept the well-pleaded allegations of the [c]omplaint as true when evaluating a motion to dismiss," a motion for preliminary injunction requires the Court to "consider the evidence presented to determine the likelihood of success on the merits." Ayoub v. CitiMortgage, Inc., No. 15-cv-13218-ADB, 2018 WL 1318919, at *8 (D. Mass. Mar. 14, 2018) (quoting Cryer v. Spencer, No. 11-10654-DJC, 2012 WL 892993, at *9 (D. Mass. Mar. 15, 2012)). "To carry [her] burden," Johnson "must offer proof beyond unverified allegations in the pleadings." Strahan v. Roughead, No. 08-cv-10919-MLW, 2010 WL 4827880, *10 (D. Mass.

Nov. 22, 2010) (citation and internal quotation marks omitted).  As discussed, Plaintiffs have not plausibly alleged her claims against Allen, Craig or READS Collaborative and, even considering Plaintiffs' motion for preliminary injunction, they have not shown a reasonable likelihood of success on any of these now dismissed claims.  Accordingly, Plaintiffs fail to meet even the first prong of the necessary showing for injunctive relief.  In light of this conclusion, the Court need not reach the other requisite prongs for such relief.  Accordingly, the Court denies Plaintiffs' motion for a temporary restraining order.  D. 13.

        C.      **<u>Commonwealth Defendants' Motion to Dismiss</u>**

The Commonwealth Defendants now have also moved to dismiss, D. 18.  Plaintiffs have not filed a response to the same in the time required by the rules and the Court, and therefore, considers the motion unopposed.

Moreover, having considered the merits of the Commonwealth Defendants motion and supporting memorandum, D. 18–19, the Court allows their motion to dismiss on several grounds.  Pursuant to Fed. R. Civ. P. 12(b)(5), dismissal is warranted since Plaintiffs have failed to effect service on Commonwealth Defendants, D. 19 at 2, 5.  Sovereign immunity bars Plaintiffs' claims against Commonwealth Defendants in their official capacities, and therefore, dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is warranted, D. 19 at 5–8, n.5 (noting that there is no notification that any of the claims against the individual Commonwealth Defendants are against them in their personal or official capacities); see <u>Johnson v. Rodriguez</u>, 943 F.2d 104, 108 (1st Cir. 1991) (stating that "[i]t is settled beyond peradventure . . . that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action").  Judicial or quasi-judicial immunity also bars the claims against the Boston Juvenile

Court, Judges Bryant and Gomes and Attorney Poulin. D. 19 at 8–9; see Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013).

Finally, similar to the Court's analysis of the motion to dismiss filed by READS Collaborative, Craig and Allen, Plaintiffs have not plausibly alleged any of its claims against the Commonwealth Defendants and so dismissal is also warranted under Fed. R. Civ. P. 12(b)(6). D. 19 at 10–11. Accordingly, the Court ALLOWS this motion to dismiss.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss, D. 6, and DENIES Plaintiffs' motion for injunctive relief, D. 13, and ALLOWS the Commonwealth Defendants' motion to dismiss, D. 18. To the extent that Plaintiffs framed their opposition to the motion to dismiss of Defendants READS Collaborative, Allen and Craig, D. 14, as an affirmative motion, the Court DENIES that motion for the reasons stated herein.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge